UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARIE MINCY | : | CASE NO. 1:09CV065 |
| | : | |
| Plaintiff, | : | JUDGE DLOTT |
| | : | |
| v. | : | |
| | : | **AMENDED COMPLAINT** |
| CINCINNATI CHILDREN'S HOSPITAL | : | **WITH JURY DEMAND** |
| MEDICAL CENTER | : | |
| a/k/a CHILDREN'S HOSPITAL | : | |
| MEDICAL CENTER | : | |
| | : | |
| Defendant. | : | |

Plaintiff states for her Amended Complaint against Defendant as follows:

## I. THE PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Marie Mincy was an employee of Defendant Cincinnati Children's Hospital Medical Center a/k/a Children's Hospital Medical Center ("Defendant").

2.     Defendant has been at all material times an "employer" within the meaning of the Family Medical Leave Act ("FMLA"), Chapter 4112 of the Ohio Revised Code ("Chapter 4112"), Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans With Disabilities Act ("ADA").

3.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 because it arises under federal law, specifically the FMLA, Section 1981 of Title 42 of the United States Code ("Section 1981"), Title VII and the ADA.

4.     This Court also has supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. §1367.

-1-

5.      Defendant does business in, and the claims alleged herein accrued in, Hamilton County, Ohio.

## II. FACTUAL ALLEGATIONS

6.      Plaintiff was employed by Defendant for over six years.

7.      Plaintiff was employed as a Mental Health Specialist.

8.      Plaintiff performed well throughout her employment.

9.      Plaintiff is an African American.

10.     While employed, Plaintiff and other African-American employees were subjected to a racially hostile and discriminatory work environment.

11.     For example, Plaintiff and other African-American employees were subjected to an environment at work permeated with slurs and other conduct demeaning and insulting to African Americans.

12.     Defendant and its management were aware of this racially hostile and discriminatory work environment.

13.     Defendant nevertheless failed and refused to take effective measures to eliminate this environment.

14.     Defendant thereby condoned, encouraged and sponsored this environment.

15.     Plaintiff opposed and complained about this racially hostile and discriminatory work environment and stated her opposition and complaints to Defendant's management and others.

16.     Defendant's management criticized Plaintiff for opposing and complaining about this environment.

17.     While employed, Plaintiff and her co-workers were subjected to an unsafe workplace.

-2-

18.     Plaintiff complained about this unsafe workplace and stated her complaints to Defendant's management and others.

19.     While Plaintiff was employed, the patients and clients of Defendant for whom Plaintiff and her co-workers were responsible for caring were subjected to a treatment environment that was unsafe and racially-discriminatory.

20.     Plaintiff complained about this unsafe and racially-discriminatory treatment environment and stated her complaints to Defendant's management and others.

21.     While employed, Plaintiff had a "disability" within the meaning of applicable law. Specifically, she had a physical or mental impairment that substantially limited a major life activity and/or a record of such an impairment and/or was regarded by Defendant as having such an impairment.

22.     While employed, Plaintiff had a serious health condition within the meaning of the FMLA.

23.     This serious health condition necessitated Plaintiff being off work.

24.     Plaintiff notified Defendant of her request for time off work caused by this serious health condition.

25.     Plaintiff requested and took intermittent leave from her employment under the FMLA.

26.     Defendant terminated Plaintiff's employment on September 29, 2008.

27.     The reason given by Defendant for the termination of Plaintiff's employment is pretextual.

28. For example, other similarly situated employees who were not African American, who did not have a "disability," who did not request time off under the FMLA, and who had not complained about and opposed the unsafe workplace and racially hostile and discriminatory work and treatment environment as Plaintiff had, engaged in the conduct that Defendant has asserted as the reason for Plaintiff's termination, but these similarly situated employees were not disciplined, much less terminated because of their conduct.

29. Defendant discriminated against and terminated the employment of Plaintiff because she had opposed and complained about what she believed to be an unlawful racially hostile and discriminatory work and treatment environment.

30. Defendant discriminated against and terminated the employment of Plaintiff because she complained about an unsafe workplace and treatment environment.

31. Defendant discriminated against and terminated the employment of Plaintiff because of race.

32. Defendant discriminated against and terminated the employment of Plaintiff because of "disability".

33. Defendant discriminated against and terminated the employment of Plaintiff because she took intermittent leave as alleged herein and otherwise sought to exercise her rights under the FMLA.

34. Plaintiff filed a timely charge of discrimination under Title VII and the ADA with the Equal Employment Opportunity Commission ("EEOC") and the EEOC has since issued a notice of right to sue.

-4-

35.     All conditions precedent to the maintenance of this action under Title VII and the ADA have been satisfied or have occurred.

36.     In September 2008, and no earlier than September 17, 2008, Defendant, acting through its responsible employees and managers, including Theresa Broerman, falsely accused Plaintiff to others, including Plaintiff's co-workers Marilyn Martin and Rodolfo Canos, of having physically threatened another co-worker, Kathy Van Horn.

37.     At or about the same time, Defendant, acting through its responsible employees and managers, including Ms. Broerman, falsely accused Plaintiff to others, including Plaintiff's co-workers, of having threatened Ms. Broerman, thereby putting Ms. Broerman in fear for her safety.

38.     In accordance with the false accusations of Ms. Broerman alleged above, Defendant falsely accused and characterized Plaintiff to third parties of and as being physically threatening and violent.

39.     Plaintiff was harmed by the false accusations alleged herein.

40.     Defendant was not privileged to make the false accusations alleged herein.

41.     The discrimination and wrongful conduct alleged herein was willful, wanton and malicious and was done in gross and reckless disregard of Plaintiff's legal and employment rights.

42.     As a direct result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer loss of pay and benefits, loss of reputation, mental and emotional anguish and distress, humiliation, and embarrassment.

## COUNT I
### (Retaliation)
### (Section 1981)

43.     Plaintiff realleges paragraphs 1 through 42 of this Amended Complaint.

44.     By discriminating against Plaintiff and terminating her employment because she had opposed what she believed to be an unlawful racially hostile and discriminatory work environment, Defendant violated Section 1981.

## COUNT II
### (Retaliation)
### (Chapter 4112)

45.     Plaintiff realleges paragraphs 1 through 44 of this Amended Complaint.

46.     By discriminating against Plaintiff and terminating her employment because she had opposed what she believed to be an unlawful racially hostile and discriminatory work environment, Defendant violated Chapter 4112 and is subject to this civil action pursuant to Section 4112.99 of the Ohio Revised Code.

## COUNT III
### (Race Discrimination)
### (Section 1981)

47.     Plaintiff realleges paragraphs 1 through 46 of this Amended Complaint.

48.     By subjecting Plaintiff to a racially hostile and discriminatory work environment and by discriminating against her and terminating her employment because of race, Defendant violated Section 1981.

## COUNT IV
## (Race Discrimination)
## (Chapter 4112)

49.     Plaintiff realleges paragraphs 1 through 48 of this Amended Complaint.

50.     By subjecting Plaintiff to a racially hostile and discriminatory work environment and by terminating her employment because of race, Defendant violated Chapter 4112 and is subject to this civil action pursuant to Section 4112.99 of the Ohio Revised Code.

## COUNT V
## (FMLA)

51.     Plaintiff realleges paragraphs 1 through 50 of this Amended Complaint.

52.     By discriminating against Plaintiff and terminating her employment for taking intermittent leave, as alleged herein, and for otherwise exercising her rights under the FMLA, Defendant violated the FMLA and interfered with, restrained and denied Plaintiff the exercise of her rights under the FMLA as stated therein and in the regulations of the Secretary of Labor.

## COUNT VI
## (Disability Discrimination)
## (Chapter 4112)

53.     Plaintiff realleges paragraphs 1 through 52 of this Amended Complaint.

54.     By discriminating against Plaintiff and terminating her employment because of "disability," as alleged herein, Defendant violated Chapter 4112 and is subject to this civil action pursuant to section 4112.99 of the Ohio Revised Code.

## COUNT VII
## (Wrongful Discharge In Violation Of Public Policy)
## (Unsafe Workplace)

55.     Plaintiff realleges paragraphs 1 through 54 of this Amended Complaint.

56.     Clear public policy favors workplace safety.

57.     Termination of Plaintiff's employment under the circumstances alleged herein jeopardizes this clear public policy.

58.     Defendant is liable to Plaintiff in tort for discharging her for complaining about an unsafe workplace.

## COUNT VIII
## (Retaliation)
## (Title VII)

59.     Plaintiff realleges paragraphs 1 through 58 of this Amended Complaint.

60.     By discriminating against Plaintiff and terminating her employment because she had opposed what she believed to be an unlawful racially-hostile and discriminatory work environment, Defendant violated Title VII.

## COUNT IX
## (Race Discrimination)
## (Title VII)

61.     Plaintiff realleges paragraphs 1 through 60 of this Amended Complaint.

62.     By subjecting Plaintiff to a racially-hostile and discriminatory work environment and by terminating her employment because of race, Defendant violated Title VII.

-8-

## COUNT X
## (Disability Discrimination)
## (ADA)

63.     Plaintiff realleges paragraphs 1 through 62 of this Amended Complaint.

64.     By discriminating against Plaintiff and terminating her employment because of

"disability," as alleged herein, Defendant violated the ADA.

## COUNT XI
## (Wrongful Discharge In Violation Of Public Policy)
## (Unsafe Treatment Environment)

65.     Plaintiff realleges paragraphs 1 through 64 of this Amended Complaint.

66.     Clear public policy favors a safe treatment environment.

67.     Termination of Plaintiff's employment under the circumstances alleged herein

jeopardizes this clear public policy.

68.     Defendant is liable to Plaintiff in tort for discharging her for complaining about an

unsafe treatment environment.

## COUNT XII
## (Wrongful Discharge In Violation of Public Policy)
## (Discriminatory Treatment Environment)

69.     Plaintiff realleges paragraphs 1 through 68 of this Amended Complaint.

70.     Clear public policy favors a non-racially discriminatory treatment environment.

71.     Termination of Plaintiff's employment under the circumstances alleged herein

jeopardizes this clear public policy.

72.     Defendant is liable to Plaintiff in tort for discharging her for complaining about a

racially-discriminatory treatment environment.

## COUNT XIII
### (Defamation)

73.     Plaintiff realleges paragraphs 1 through 72 of this Amended Complaint.

74.     By making the false accusations and characterizations alleged herein, Defendant has defamed Plaintiff.


WHEREFORE, Plaintiff demands judgment against Defendant for an amount to be determined at trial, for interest, costs and attorneys fees. Specifically, Plaintiff demands compensatory and punitive damages, back pay and lost benefits, liquidated damages, reinstatement or front pay in lieu of thereof, attorneys' fees and costs, pre and post-judgment interest and all other appropriate, legal, declaratory and equitable relief.

Respectfully submitted,

/s/ Martin McHenry
**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
HAVERKAMP REBOLD & RIEHL CO., L.P.A.
5856 Glenway Avenue
Cincinnati, OH 45238
Tele:   (513) 922-3200
Fax:    (513) 922-8096
e-mail: mmchenry@hrr-law.com

-10-

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure, Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Martin McHenry

**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
HAVERKAMP REBOLD & RIEHL CO., L.P.A.
5856 Glenway Avenue
Cincinnati, OH 45238
Tele: (513) 922-3200
Fax: (513) 922-8096
e-mail: mmchenry@hrr-law.com

-11-

## CERTIFICATE OF SERVICE

I hereby certify that on September 8th, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Timothy P. Reilly, Esq. and Paula J. Dehan, Esq., Attorneys for Defendant, Taft, Stettinius & Hollister, 1800 Firstar Tower, 425 Walnut Street, Cincinnati, OH 45202-3957.

**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff

-12-