UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARIE MINCY,                    :     CASE NO. 1:09CV065

        Plaintiff          :     Judge Dlott

v.                       :     **PLAINTIFF'S RESPONSE TO**

                       :     **PROPOSED UNDISPUTED FACTS**

CINCINNATI CHILDREN'S HOSPITAL  :

MEDICAL CENTER,         :

        Defendant.      :

Pursuant to this Court's Standing Order Governing Civil Motions for Summary Judgment, Plaintiff submits the following response to the proposed undisputed facts set forth by Defendant.

Plaintiff does not acknowledge by submitting this response that any or all of the "facts" proposed by Defendant are material. Plaintiff submits that Defendant has included many alleged "facts" that are immaterial to the issue of liability and has done so in an attempt to put Plaintiff in a false and unfavorable light.

1     Admit.

2     Admit.

3     Admit.

4     Admit.

5     Denied. Plaintiff did not document on "medical charts" which were reserved for nurses and doctors only. (Pl. Dec. 16)

6     Admit.

7     Denied. (Pl. Dep. 94cited by Defendant/not establish proposed fact)

-1-

8      Denied. (Pl. Dep. 94 cited by Defendant/not establish proposed fact)

9      Admit to the extent purports to quote in part Defendant's Exhibit 7. Otherwise denied. (Pl. Dep. 110 cited by Defendant/not establish proposed fact)

10      Admit to the extent it purports to quote in part Defendant's Exhibit 7, specifically: "I think you may have misunderstood me. I was instructing you that this would be an additional duty for you to complete and informing you that you need to contact Melissa Gardner to learn the process."

11      Denied. (Pl. Dep. 95-96, 111 cited by Defendant/not establish proposed fact)

12      Admit to the extent purports to quote in part Defendant's Exhibit 7.

13      Admit to the extent purports to quote Defendant's Exhibit 8.

14      Admit to the extent purports to characterize Defendant's Exhibit 8.

15      Denied. (Pl. Dep. 127 cited by Defendant/not establish proposed fact). See also Pl. Dep. 128.

16      Denied. (Pl. Dep. 130-31 cited by Defendant/not establish proposed fact).

17      Admit.

18      Denied. The meeting to which this proposed fact apparently refers was approximately a three hour meeting. (Pl. Dec. 16)

19      Denied. Ms. Broerman was present at the meeting. Plaintiff did not intimidate a social worker. (Pl. Dec. 16)

20      Admit to the extent this proposed fact suggests that Defendant falsely accused Plaintiff that she had completed incorrectly in August 2008 two progress notes. Otherwise denied. (Pl. Dep. 224-25, 244 cited by Defendant/not establish proposed fact)

21      Admit to the extent purports to characterize Defendant's Exhibit 14.

22      Denied.  (Pl. Dep. 226, Def. Ex. 14) (cited by Defendant/not establish proposed fact)

23      Admit to the extent purports to quote Defendant's Exhibit 14.

24      Admit to the extent purports to quote Defendant's Exhibit 14.

25      Admit to the extent this proposed fact constitutes an admission by Defendant that Canos had incorrectly accused Plaintiff of incorrectly completing two progress notes in August. Further admit to the extent purports to characterize Defendant's Exhibit 15.

26      Admit.

27      Denied.  Nicole Murray, the co-worker who allegedly incorrectly completed one of the two notes in August, 2008, told Plaintiff that she received no such memo.  (Pl. Dec. 16)

28      Admit to the extent purports to quote in part Defendant's Exhibit 15.

29      Denied.  Blurbs were often incorrect and left out significant details.  (Pl. Dec. 14)

30      Admit to the extent that Defendant warned Plaintiff about her sending her September 4 e-mail and to the extent it purports to characterize Defendant's Exhibit 23.  Plaintiff specifically denies that she yelled at her co-workers as alleged in the warning.  (Pl. Dec. 7)

31      Admit to the extent Plaintiff reported to work for her shift beginning September 18, 2008 and after receiving the Defendant's Exhibit 15.  Further admit to the extent purports to quote parts of Defendant Exhibit 15.

32      Denied.  See Exhibit 15 to the Declaration of Rodolfo Canos submitted by Defendant in support of its motion for summary judgment.

33      Admit.

34      Denied.  The credible evidence of record confirms that the patient was on the unit during Plaintiff's shift.  (Pl. Dep. 299-300, 304-07, 310, 315-19, 327-29, 347) (Dawson 10-12, 21-24, 26-27, 73-74)

35      Denied.  (Pl. Dep. 299-300, 304-05) (Dawson Dep. 10-12, 22-24)

36      Denied.  (Pl. Dec. 8)

37      Denied.  (Pl. Dec. 11)

38      Denied.  (Pl. Dec. 12)

39      Denied.  (Pl. Dec. 9)

40      Denied.  (Pl. Dec. 10)

41      Admit.

42      Admit.

43      Denied to the extent it mischaracterizes the conversation between Plaintiff and Minnette.  (Pl. Dep. 325, 331)

44      Denied.   The credible evidence establishes that Minnette did not consider Plaintiff's request to be inappropriate.  (Pl. Dep. 331)

45      Admit to the extent Defendant suspended Plaintiff and purported to begin an investigation.

46      Denied.  (Pl. Dep. 299-300) (Dawson 10-12, 22-24)

47      Denied.  (Dawson 11-12)

48      Admit to the extent Plaintiff met with Broerman and Martin.

49      Denied.  (Pl. Dep. 317-18, 340)

50      Denied.  (Pl. Dep. 339 cited by Defendant/not establish proposed fact).  See also Response to Proposed Fact 34.

-4-

51      Denied.  (Plaintiff Dep. 347 cited by Defendant/not establish proposed fact).

52      Admit.

53      Admit.

54      Admit.

55      Denied.  Plaintiff specifically denies she spoke "in a menacing tone."  (Pl. Dec. 16)

56      Admit.

57      Admit.

58      Denied.   Gordon only spoke to the staff that originally signed Plaintiff's termination papers and she never interviewed the others that Plaintiff had asked her to.  (Pl. Dec. 16)

59      Admit.

60      Plaintiff neither admits nor denies this proposed fact because having been terminated, she would not know the truth or falsity of this proposed fact.

61      Denied.  (Pl. Dep. 224-25, 320 cited by Defendant/not establish proposed fact). Plaintiff further denies this proposed fact because the credible evidence of record confirms that the patient was in fact on the unit during Plaintiff's shift.  See Response to Proposed Fact 34.

62      Admit to the extent purports to quote Defendant's Exhibit 14.

63      Admit to the extent purports to quote Defendant's Exhibit 15.

64      Denied.  (Pl. Dep. 297-30) (Pl. Dec. 12)

65      Denied.  (Pl. Dep. 340 cited by Defendant/not establish proposed fact).  See also Response to Proposed Fact 49.

66      Denied.  (Pl. Dep. 331)

67     Neither admit nor deny because Plaintiff does not have personal knowledge of this proposed fact.

68     Denied.  Patients continued to use racially offensive language.  (Pl. Dec. 16)

69     Admit but see Response to Proposed Fact 68.

70     Admit to the extent Defendant's Exhibit 19 was sent in response to Plaintiff's September 4, 2008 e-mail.

71     Admit that in September 2008 a town hall meeting was held after Plaintiff was suspended pending discharge.  Having had her request to attend the meeting denied, Plaintiff did not attend and therefore has no personal knowledge of the avowed purpose of this meeting.  (Pl. Dec. 16)

72     Neither admit nor deny because Plaintiff, having been suspended and fired, does not have knowledge of this proposed fact.

73     Admit to the extent this proposed fact acknowledges Plaintiff suffered from depression.  Otherwise denied.  (Pl. Dep. 388 cited by Defendant/not establish proposed fact).

74     Admit.

75     Denied.  (Pl. Dep. 327-28 cited by Defendant/not establish proposed fact).  See also Response to Proposed fact 64.  See also Pl. Dec. 12.

76     Denied.  See Response to Proposed Fact 65.

77     Admit.

78     Admit.

## DISPUTED ISSUES OF MATERIAL FACT

Plaintiff contends that the following are genuine issues of material fact to be tried.

-6-

1      Whether Plaintiff's complaints of a racially hostile work environment was a motivating factor in the decision to terminate her employment.

2      Whether Plaintiff's complaints about an unsafe workplace was a motivating factor in the decision to terminate her employment.

3      Whether Plaintiff's complaints of an unsafe treatment environment was a motivating factor in the decision to terminate her employment.

4      Whether Plaintiff's complaints of a racially discriminatory and hostile treatment environment was a motivating factor in the decision to terminate her employment.

5      Whether there was while Plaintiff was employed there a racially hostile working environment for which Defendant is liable.

6      Whether Defendant regarded Plaintiff as having a disability and if so, whether her "disability" was a motivating factor in the decision to terminate her employment.

7      Whether Plaintiff's intermittent FMLA leave was a motivating factor in the decision to terminate her employment.

8      Whether Plaintiff was damaged by Defendant's unlawful conduct and if so, the extent of those damages.

Respectfully submitted,

**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
HAVERKAMP REBOLD & RIEHL CO., L.P.A.
5856 Glenway Avenue
Cincinnati, OH 45238
Tele:  (513) 922-3200
Fax:   (513) 922-8096
e-mail: mmchenry@hrr-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Timothy P. Reilly, Esq. and Paula J. Dehan, Esq., Attorneys for Defendant, Taft, Stettinius & Hollister, 1800 Firstar Tower, 425 Walnut Street, Cincinnati, OH 45202-3957.

                                 _____

                                 **MARTIN McHENRY (0022543)**
                                 Trial Attorney for Plaintiff