UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
FOR THE WESTERN DIVISION

| | | |
|---|---|---|
| MARIE MINCY, | : | CASE NO. 1:09-CV-065 |
| | : | |
| Plaintiff | : | Judge Dlott |
| | : | |
| v. | : | |
| | : | **DEFENDANT CINCINNATI** |
| CINCINNATI CHILDREN'S HOSPITAL | : | **CHILDREN'S HOSPITAL MEDICAL** |
| MEDICAL CENTER, | : | **CENTER'S RESPONSE IN** |
| | : | **OPPOSITION TO PLAINTIFF'S** |
| Defendant. | : | **MOTION FOR LEAVE TO AMEND** |
| | : | **THE AMENDED COMPLAINT** |

I. Introduction

More than a year after bringing her lawsuit and one week after her public policy claim (Count XII) was dismissed on summary judgment, Plaintiff Marie Mincy belatedly seeks leave to amend her Amended Complaint.  Mincy's only basis for requesting leave appears to be that she was not aware of the statutory remedies under O.R.C. § 4112.02(g).  Mincy should not be permitted at this late date to bring an additional claim.  For the reasons below, Children's Hospital respectfully submits that this Court should deny Mincy's Motion for Leave to Amend the Amended Complaint.

II. Procedural History

On January 29, 2009, Mincy filed her original Complaint.  (Cmpl., Doc. No. 1)  On May 26, 2009, this Court set the litigation calendar for this case, designating August 21, 2009 as the last date by which amendments to the pleadings could be made.  (Order, Doc. No. 9)  On August 21, 2009, Mincy filed an unopposed motion seeking leave to file an amended complaint.  (Pl. Mot., Doc. No. 10)  On September 8, 2009, Mincy filed an Amended Complaint alleging facts in

support of two additional public policy tort claims, including the claim at issue here (Count XII) in which she alleged she was discharged for complaining about a racially-discriminatory treatment environment.  (Am. Cmpl., Doc. No. 12)  On May 26, 2010, this Court dismissed Count XII, finding that Mincy "cannot satisfy the jeopardy element necessary to assert a public policy claim" because a remedy is available under Ohio Rev. Code § 4112.02.  (Order, Doc. No. 31 at 22)  On June 4, 2010, one week before the pretrial conference, Mincy sought leave to amend her Amended Complaint to add the statutory claim that she failed to assert at any time prior to the issuance of this Court's summary judgment decision.

### III.  Argument

Under Federal Rule of Civil Procedure 15, a plaintiff may amend her complaint with leave of the Court "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, when a party seeks to amend a complaint after the date specified in the scheduling order, as here, the requirement in Fed. R. of Civ. P. 16(b) that the party show good cause controls, rather than the more liberal requirements in Rule 15(a).  *See Dyer v. Casey*, 72 F.3d 129 (6th Cir. 1995); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-11 (9th Cir. 1992); *Riofrio Anda v. Ralston Purina*, 959 F.2d 1149, 1154-55 (1st Cir. 1992); *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b)).  A court's evaluation of good cause under Rule 16(b) is not the same as its evaluation of the propriety of the amendment under Rule 15.  *See Johnson*, 975 F.2d at 609; *Forstmann*, 114 F.R.D. at 85.

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, **Rule 16(b)'s "good cause"**

> ***standard primarily considers the diligence of the party seeking amendment***. (Emphasis added)

*Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "If the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp.*, 127 F.R.D. at 166.

In this case, the scheduling order set August 21, 2009 as the date by which amendments to the complaint were to be filed. Mincy was well aware of that date and requested additional time beyond that date to file her first Amended Complaint. Children's Hospital agreed to Mincy's request for additional time and on September 8, 2009, just three months before the close of discovery, Mincy amended her Complaint, adding a public policy tort claim based on her alleged complaints of a discriminatory treatment environment.

Now, more than eight months after the deadline to amend the Complaint has passed, Mincy seeks to add a statutory claim under O.C.R. § 4112.02. Her request is not timely and she has not shown good cause sufficient to warrant granting such a request. Mincy did not act diligently. No new facts have arisen, and O.R.C. § 4112.02(g) was available to her well before the time to amend expired. Having failed to show good cause, Mincy's request for leave to amend should be denied. *See Riofrio Anda*, 959 F.2d at 1155 ("The allowance of an amendment would have nullified the purpose of Rule 16(b)(1).").

IV. Conclusion

For each and all of the foregoing reasons, Defendant Cincinnati Children's Hospital Medical Center respectfully submits that Plaintiff's Motion for Leave to Amend the Amended Complaint should be denied.

Respectfully submitted,

s/ Timothy P. Reilly
Timothy P. Reilly (0018507)
Paula J. Dehan (0076914)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838
(513) 381-0205 (fax)
reilly@taftlaw.com
dehan@taftlaw.com

Trial Attorney for Defendant
Cincinnati Children's Hospital Medical Center

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2010, I electronically filed Defendant Cincinnati Children's Hospital Medical Center's Memorandum in Opposition to Plaintiff's Motion for Leave to Amend the Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Martin McHenry
Haverkamp Rebold & Riehl Co., L.P.A
5856 Glenway Avenue
Cincinnati, OH  45238

    s/ Timothy P. Reilly
    Timothy P. Reilly (0018507)
    Taft Stettinius & Hollister LLP
    425 Walnut Street, Suite 1800
    Cincinnati, OH 45202-3957
    (513) 381-2838
    (513) 381-0205 (fax)
    reilly@taftlaw.com

    Trial Attorney for Defendant
    Cincinnati Children's Hospital Medical Center