UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARIE MINCY, | : | CASE NO. 1:09CV065 |
| Plaintiff | : | Judge Dlott |
| v. | : | **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND AMENDED COMPLAINT** |
| CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER, | : | |
| Defendant. | : | |

Defendant's Memorandum establishes that Plaintiff should be allowed to amend the Amended Complaint:

Defendant does not dispute (for it cannot) that Plaintiff had already alleged in her Amended Complaint the operative facts supporting a viable claim for relief:  She alleged that she had been discharged for complaining about a racially-discriminatory treatment environment ("discriminatory treatment environment claim").  If Plaintiff proves this to the satisfaction of the jury, she will be entitled to relief.  Defendant does not contend otherwise.  It contends simply that Plaintiff should have clothed her discriminatory treatment environment claim in statutory (Section 4112.99) not common law (public policy) garb.  Whether Defendant and this Court are correct in that regard (which Plaintiff respectfully disputes), the following remains true:  Plaintiff pled in her Amended Complaint the operative facts supporting a viable claim for relief and the merits of this claim will not be decided at trial unless Plaintiff is permitted to amend her Amended Complaint in response to this Court's Order on Defendant's Motion for Summary Judgment, entered May 26, 2010.  (Doc. 37)  Defendant's desire to not have a jury determine the merits of Plaintiff's discriminatory treatment environment claim is understandable.  It is

inconsistent, however, with a primary goal of our system of justice, that viable claims be decided on their merits.

Defendant's accusation that Plaintiff's counsel "did not act diligently" is simply false. (Doc. 40 p.3)  Counsel acted "diligently" by pleading in the Amended Complaint the operative facts supporting a viable discriminatory treatment environment claim.  Because of counsel's "diligence," Defendant was put on notice well before the discovery cutoff that Plaintiff was pursuing this claim.  Because of counsel's "diligence," Defendant had a full opportunity to conduct discovery on this claim and to otherwise mount its defense to it.  That Plaintiff's counsel perhaps should have phrased the claim in statutory garb, as Defendant contends, does not amount to a lack of "diligence" sufficient to support the denial of Plaintiff's Motion.[1]

To the contrary.

Defendant's contention exalts form over substance in contravention of established rules of pleading.  The applicable rule supports Plaintiff's position, not Defendant's:  A plaintiff is not required to plead each and every factual and legal detail of her theory of recovery; she is only required to plead "a <u>short and plain statement</u> of the claim <u>showing that the pleader is entitled to relief</u>," which Plaintiff did in her Amended Complaint.  Fed. R. Civ. P. 8(a)(2) (emphasis added).  *See also Black's Law Dictionary (Rev. 4th Edition)* (defining "claim" to mean "[a] broad comprehensive word.").  If Plaintiff proves that she was discharged for complaining about a racially-discriminatory treatment environment ("short and plain statement"), she will be "entitled

---

[1] Defendant should be careful when making accusations.  By accusing Plaintiff's counsel of a lack of "diligence" Defendant is effectively calling him a "slacker."  Defendant's admitted conduct here, including its failure to signal in any way in its Answer to the Amended Complaint that it believed Section 4112.99 effectively preempted Plaintiff's claim as pled, and including its failure to articulate this position until doing so for the first time in its Motion for Summary Judgment, supports an accusation of "sandbagger."  Name calling aside, Defendant's lack of "diligence" accusation simply does not support denial of Plaintiff's Motion.

to relief." Fed. R. Civ. P. 8(a)(2).  Again, Defendant does not contend otherwise.  It merely contends that "relief" would be under Section 4112.99 and not tort law.

For all of the foregoing reasons, and those set forth in her initial Memorandum in support of her Motion to Amend the Amended Complaint, Plaintiff submits that Motion should be granted and she be granted leave to file the proposed Second Amended Complaint attached as Exhibit A to her initial Memorandum.

Respectfully submitted,

/s/ Martin McHenry
**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
HAVERKAMP REBOLD & RIEHL CO., L.P.A.
5856 Glenway Avenue
Cincinnati, OH 45238
Tele:   (513) 922-3200
Fax:    (513) 922-8096
e-mail: mmchenry@hrr-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Timothy P. Reilly, Esq. and Paula J. Dehan, Esq., Attorneys for Defendant, Taft, Stettinius & Hollister, 1800 Firstar Tower, 425 Walnut Street, Cincinnati, OH  45202-3957.

/s/ Martin McHenry
**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff